# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CIRO M. B.,[1] )<br> )<br>        **Plaintiff,** )<br> )<br>v. )<br> )<br>KILOLO KIJAKAZI,[2] )<br>Acting Commissioner of Social Security, )<br> )<br>        **Defendant.** )<br>_____) | CIVIL ACTION<br><br>No. 21-1069-JWL |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits pursuant to sections 216(i), 223, 1602, and 1614, Title II and Title XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

[2] On July 9, 2021, Kilolo Kijakazi was sworn in as Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Kijakazi is substituted for Commissioner Andrew M. Saul as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

**I.      Background**

Plaintiff protectively filed applications for DIB and SSI benefits on October 25, 2018. (R. 12). After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Plaintiff claims the ALJ erred in evaluating concentration, persistence, and pace when assessing Plaintiff's residual functional capacity (RFC).

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight, not the amount, of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in Bowling)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner

assesses claimant's RFC.  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, he is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).  The court addresses the error alleged in Plaintiff's Social Security Brief.

**II.    Discussion**

Plaintiff argues the issue here "is whether the ALJ explained her decision to include no limitation for concentration, persistence, or pace in the RFC after acknowledging [Plaintiff] had a moderate limitation in th[at] 'paragraph B' criteri[on]" and whether that decision is supported by substantial record evidence.  (Pl. Br. 10-11).  She contends, "the ALJ failed to offer a sufficient explanation supported by substantial evidence in this case."  Id. at 11.  Plaintiff acknowledges the ALJ found Plaintiff "can maintain concentration, persistence, and pace for at least 2 hours at a time."  (R. 18); see also (Pl. Br. 11).  She argues, however, this is not a limitation because "the typical

worker is required to maintain attention and concentration for two-hour segments."  (Pl. Br.  11) (citing Program Operations Manual System (POMS) DI 25020.101(B)(2)).  Plaintiff then cites record evidence which in his view supports limitations in his ability in this regard.  Id. at 11-12, 15-16. He argues that the opinion of Dr. Anthoney, the state agency psychological consultant, which the ALJ found persuasive and upon which she relied, found Plaintiff limited in concentration, persistence, and pace.  Id. at 12.

Plaintiff points out the Tenth Circuit recognizes an explanation is not required where a claimant has a moderate limitation in one of the four broad areas of mental functioning if that limitation is encompassed within a restriction to unskilled work.  Id. at 12-13 (citing Smith v. Colvin, 821 F.3d 1264, 1268-69 (10th Cir. 2016); Vigil v. Colvin, 805 F.3d 1199, 1203 (10th Cir. 2015)).  He argues this case does not fit within the exception because the ALJ did not limit Plaintiff to unskilled work and Dr. Anthoney did not provide a narrative explanation of Plaintiff's "sustained concentration and persistence capacities."  Id. 13 (citing R. 86-87).

The Commissioner responds that the ALJ's alternative finding at step five of the sequential evaluation process that there is other unskilled work existing in significant numbers in the national economy that Plaintiff can perform "ultimately accounted for Plaintiff's deficits in maintaining concentration, persistence, and pace."  (Comm'r Br. 4) (bold omitted).  At the conclusion of her other arguments, the Commissioner argues, "even if the ALJ erred in not including additional, specific limitations in the RFC to account for Plaintiff's deficits in maintaining concentration, persistence, and pace, the ALJ's ultimate step five finding that there were unskilled jobs in significant numbers in

5

the national economy that Plaintiff could perform rendered the error harmless." (Comm'r Br. 8-9).

In his Reply Brief, Plaintiff cites this courts explanation in <u>William Edward S. v. Saul</u>, No. 19-1061-JWL, 2020 WL 569806, at *9 (D. Kan. Feb. 5, 2020) that in a case such as this, "the issue is not 'whether the limitations the ALJ assessed in the broad mental functional areas at steps two and three are included verbatim within the RFC assessed, but whether the ALJ explained his mental RFC assessment and whether the explanation is supported by the record evidence.'" (Reply 1-2). He concludes his argument, "Ultimately, both the ALJ and Defendant failed to acknowledge that the ALJ's statement that [Plaintiff] could maintain concentration, persistence, and pace for at least two hours at a time does not represent a limitation." <u>Id.</u> 4.

Plaintiff's allegation of error fails because his premise is wrong. The ALJ's finding that Plaintiff "can maintain concentration, persistence, and pace for at least 2 hours at a time" (R. 18) (bold omitted) is a mental RFC limitation. As Plaintiff's Brief suggests, POMS DI 25020.010 is the SSA's explanation for processing claims regarding mental limitations. Although Plaintiff is wrong to cite this POMS for the proposition that "the <u>typical</u> worker is required to maintain attention and concentration for two-hour segments" (Pl. Br. 11) (emphasis added), the POMS does note "The ability to maintain concentration and attention for extended periods (the approximately 2-hour segments between arrival and first break, lunch, second break, and departure)" is a mental ability needed for <u>any</u> job. POMS DI 25020.010(B)(2)(a). However, as the Commissioner points out, maintaining attention for extended periods of 2-hour segments is an ability

6

critical for performing unskilled work, but concentration is not critical. POMS DI 25020.010(B)(3)(d). Moreover, the POMS explains that there is often "an increasing requirement for … concentration and persistence" needed to do semiskilled and skilled work. POMS DI 25020.010(B)(4)(b) (bold omitted). Thus, the ability to maintain concentration, persistence, and pace for at least 2 hours at a time is a mental functional limitation. Although it is necessary for any job, it does not presume an unlimited ability to maintain concentration, persistence, and pace. Certain semiskilled and skilled jobs will have increasing requirements for concentration, persistence, and pace. The court (with no vocational expertise) can imagine jobs such as surgeons, research scientists, long-haul aircraft pilots, or security guards which might require greater abilities for concentration, persistence, or pace.

  The court recognizes that Plaintiff's argument would, a least potentially, have merit if the ALJ had stopped her analysis at step four of the sequential evaluation process. See, e. g., Evalyne Kathleen H. v. Kijakazi, Civ. A. No. 21-1010-JWL, 2022 WL 539104 (D. Kan. Feb. 23, 2022) (basic mental abilities required for unskilled work may be insufficient to find the ability to perform past relevant semiskilled or skilled work). Therefore, although the ALJ may have erred in her step four finding, she made an alternative finding at step five of the process that Plaintiff can make an adjustment to other unskilled work in the economy. (R. 21-22). If the step five finding is without error, it would render any error at step four harmless.

  Therefore, the question remaining here is whether the RFC assessed by the ALJ adequately accounts for the moderate limitation in maintaining concentration,

persistence, and pace she found in her step three analysis. Plaintiff's argument that the ALJ did not limit him to unskilled work is negated by the court's analysis of the ALJ's step five finding above. Plaintiff's argument that Dr. Anthoney did not provide a narrative explanation of Plaintiff's sustained ability for concentration and persistence does not understand all of Dr. Anthoney's opinion.

> Dr. Anthoney summarized Plaintiff's most recent therapy note from June 2019:
>
> He was found to be alert and oriented x 4. Grooming and hygiene was adequate. He was engaged but agitated. Mood was irritable and slightly anxious. His affect was animated with intense eye contact. Judgment and insight were fair. Speech was normal for rate, tone, and volume. He is noted to struggle with accepting responsibility for his actions but expresses understanding about consequences. Updated records would continue to support the degree of limitations without evidence of further limitations of function other than what has been outlined herein.

(R. 102). Dr. Anthoney found the current records support the limitations found in the initial review other than as outlined in her summary. Her summary outlines no additional limitations in maintaining concentration, persistence, and pace. And, the initial determination was "Moderate limitations in social, cpp [(concentration, persistence, and pace)]." (R. 69, 102).

The remaining question, then, is whether the moderate limitations in concentration, persistence, and pace opined by Dr. Mc Master at the initial determination and Dr. Anthoney at the reconsideration and assessed by the ALJ are encompassed within the RFC limitation to maintain concentration, persistence, and pace for at least 2 hours at a time, which as Plaintiff acknowledges is required for all unskilled work. The court finds it is. Dr. McMaster and Dr. Anthoney both found Plaintiff not disabled and able to

8

perform unskilled work.  (R. 70-71. 103-04).  The ALJ did the same.  (R. 22).  While Plaintiff cites to evidence which in his view supports greater limitations, he does not point to evidence compelling that finding.  The court finds no reversible error in the decision below.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated April 6, 2022, at Kansas City, Kansas.

> s/ John W. Lungstrum
> **John W. Lungstrum**
> **United States District Judge**